Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000090
11-MAY-2018
09:10 AM

NO. CAAP-18-0000090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KEONI R. JAENTSCH, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1FC161000066)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of Defendant-Appellant Keone Jaentsch, aka Keoni Jaentsch's (Jaentsch), appeal in appellate court case number CAAP-18-0000090 from the jury's November 15, 2017 verdict finding Jaentsch guilty of abuse of a household or family member in violation of HRS § 709-906 (2014) in Case No. 1FC161000066, the Honorable Rom A. Trader presiding, it appears that we lack appellate jurisdiction under Hawaii Revised Statutes (HRS) § 571-54 (2006) because the family court has not yet sentenced Jaentsch.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). Jaentsch is asserting an appeal from the underlying first circuit family court criminal case pursuant to HRS § 571-54, which provides that "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court and review

shall be governed by chapter 602[.]" HRS § 602-57(1) (2016) provides that the Hawaiʻi Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" The law that allows appeals from circuit court criminal cases is HRS § 641-11 (2016), which provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment." Thus, "[u]nder HRS § 641-11, the sentence of the court in a criminal case is the judgment from which an appeal is authorized[,]" and where "[t]here [is] no conviction and sentence in . . . [a] case, there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawaiʻi 309, 312, 22 P.3d 588, 591 (2001) (internal quotation marks and citations omitted).

In the instant case, the family court has not yet concluded the sentencing of Jaentsch, and, thus, the family court has not yet entered an appealable judgment as HRS § 571-54 requires for an appeal. Consequently, Jaentsch's appeal is premature, and the Hawaiʻi Intermediate Court of Appeals lacks appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED appellate court case number CAAP-18-0000090 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, May 11, 2018.

Chief Judge

Associate Judge

Associate Judge